UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LA'RUE RAYNAUD and EMMANUEL "TAHON" RAMIREZ,<br><br>                    Plaintiffs,<br><br>        -against-<br><br>MULLIGAN SECURITY LLC,<br><br>                    Defendant. | Case No. 1:25-cv-01782 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs La'Rue Raynaud and Emmanuel "Tahon" Ramirez (together, "Plaintiffs") bring this action against Defendant Mulligan Security LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiffs allege that they are citizens of New York. *See* Dkt. 5 ("Compl.") ¶¶ 5-6. They allege that Defendant Mulligan Security LLC is a Delaware foreign limited liability company ("LLC"). *See id.* ¶ 7.

It is well established that an LLC is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so.

Accordingly, it is hereby ORDERED that, on or before **March 24, 2025**, Plaintiffs shall amend their Complaint to allege the citizenship of each constituent person or entity comprising Defendant Mulligan Security LLC.  If, by that date, the Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

Dated: March 17, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge